IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| V. | ) | Case No. 1:13-CR-308-JEC-RGV |
| | ) | |
| GUSTAVO ANDRES PEREZ | ) | |
| MARIO H. JARAMILLO | ) | |

<u>PRELIMINARY MOTION TO SUPPRESS EVIDENCE AND STATEMENTS
BASED UPON TRAFFIC STOP, UNCONSTITUTIONAL DETENTION,
AND CUSTODIAL INTERROGATION</u>

COMES NOW MARIO JARAMILLO, by and through undersigned counsel, and hereby files this motion to suppress evidence. In support of the motion, Mr. Jaramillo shows the following:

1.

Messrs. Perez and Jaramillo were charged in a criminal indictment with access device fraud and identity theft. Count one charges a conspiracy under 18 U.S.C. § 371 with two objects: to violate 18 U.S.C. §§ 1029(a)(3) by possessing 15 or more unauthorized access devices and 1029(a)(2) by trafficking in one or more of such devices. The indictment also charges the defendants with aiding and abetting each other in substantive counts of violating those same statutes in Counts Two and Three, as well as four counts of aggravated identity theft under 18 U.S.C. § 1028A in Counts Four through Seven.

2.

On or about April 12, 2013, Messrs. Jaramillo and Perez were stopped by law enforcement in a rental car. According to police reports, Mr. Jaramillo was driving the car and Mr. Perez was in the passenger seat.

3.

The stop was without reasonable suspicion or probable cause and therefore unlawful under the Fourth Amendment.

4.

Subsequent to the automobile stop, Mr. Jaramillo was detained for an extended period of time without reasonable suspicion or probable cause in violation of the Fourth Amendment. During this unlawful detention, law enforcement searched the car and Mr. Jaramillo's person without a search warrant or any exception to the constitutional warrant requirement.

5.

According to police reports, as a result of the search of the car, law enforcement officers locate and seized, among other things, cash totaling $102,580 and gift cards which later were determined to have various amounts of money associated with them based upon scanning the cards at ATM machines. Police reports also state that gift cards were located on Mr. Jaramillo's person.

6.

Any alleged consent to search obtained by the officers, whether to search the car or to search Mr. Jaramillo's person, was subsequent to and tainted by the unlawful stop and prolonged and unlawful detention. "A consent to search may be insufficient where the consent itself springs from prior illegal activity by the police, such as an unlawful entry." United States v. Delancy, 502 F.3d 1297, 1308 (11th Cir. 2007). In such cases, the proper inquiry is not whether the person's will was overborne, but rather, whether the consent was a product of the illegality. United States v. Santa, 236 F.3d 662, 677 (11th Cir. 2000) (finding consent invalid where given three minutes after DEA agents unlawfully kicked in the defendant's door, entered his apartment, ordered him to the floor, and handcuffed him). The government bears the burden of proving that a consent following illegal police activity was not fruit of the poisonous tree. Delancy, 502 F.3d at 1308.

7.

The government also bears the burden of establishing that any consent given was freely and voluntarily given and not "the result of duress or coercion, express or implied." Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973); see United States v. Purcell, 236 F.3d 1274, 1281 (11th Cir.2001) (outlining factors to consider when determining whether consent is voluntary).

8.

Subsequent to the car stop and during the prolonged and unconstitutional detention, law enforcement interrogated Mr. Jaramillo concerning his travel, the cash, and the gift cards. This questioning was the product of prior illegal conduct in violation of the Fourth Amendment and is subject to suppression for that reason alone. Taylor v. Alabama, 457 U.S. 687, 690-91 (1982); United States v. Chanthasouxat, 342 F.3d 1271, 1281 (11th Cir. 1983).

9.

In addition, in order to use any statements attributed to Defendant, the Government must first prove that the statements were made voluntarily and not in violation of Miranda. Jackson v. Denno, 378 U.S. 368, 376-377 (1964); Miranda v. Arizona, 384 U.S. 436-468 (1966). Therefore, the Defendant requests that this Court hold a pre-trial hearing to determine the voluntariness of any and all statements allegedly made by the Defendant and to suppress those which are not found to be voluntary.

WHEREFORE, the Defendant respectfully requests:

(a) that the Court issue an order setting this matter down for a pre-trial hearing at which time the government should be required to show cause why the relief sought by the Defendant should not be granted;

(b) that the Defendant be permitted to supplement this motion if necessary;

(c) that the Court allow additional briefing on this issue following the hearing of evidence on this matter; and

(d) that the Court issue an order suppressing all statements and all illegally or unconstitutionally seized or obtained evidence and any reference thereto in the event this case goes to trial; and

(e) that the Court grant such other relief as may be just under the circumstances of this case.

Respectfully submitted, this 19th day of November, 2013.

/s/ Thomas L. Hawker
THOMAS L. HAWKER
Georgia Bar No. 338670
Attorney for Mario Jaramillo

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing has been formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1C, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

>Jeffrey Brown
>Assistant United States Attorney
>600 Richard B. Russell Building
>75 Spring Street, S. W.
>Atlanta, Georgia 30303

Dated: This 19th day of November, 2013.

>/s/ Thomas L. Hawker
>THOMAS L. HAWKER