# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GUSTAVO ANDRES PEREZ, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:13-CR-0308-WSD-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:16-CV-1610-WSD-RGV |

## **FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of Gustavo Andres Perez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 82]. For the reasons that follow, the undersigned finds that this § 2255 motion is time barred and **RECOMMENDS** that this action be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)").[1]

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." See also Edwards v. United States, 295 F. App'x 320, 321 (11th Cir. 2008) (per curiam) (affirming district court's sua sponte denial of § 2255 motion as time-barred).

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a seven-count indictment against Perez and co-defendant Mario H. Jaramillo, charging them in Count One with conspiracy to commit access device fraud, in violation of 18 U.S.C. § 371; in Counts Two and Three with access device fraud, in violation of 18 U.S.C. §§ 1029(a)(2)-(3) and 2; and in Counts Four through Seven with aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2. [Doc. 1]. Represented by retained counsel Ricardo P. Hermida and Jeffrey H. Brickman, Perez entered a negotiated guilty plea to Counts One and Six. [Docs. 63; 63-1]. On February 13, 2015, the Court entered judgment, imposing a total sentence of fifty-four months of imprisonment. [Doc. 77]. Perez did not file a direct appeal. [Doc. 82 at 1].

Perez filed this pro se § 2255 motion on May 11, 2016.[2] [Doc. 82 at 14]. As grounds for relief, Perez asserts that he received ineffective assistance of counsel and that his cooperation "was not used at all at [his] sentencing." [Id. at 5, 7].

---

[2] Pursuant to the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2255, Rule 3(d); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, the Court assumes that the motion was delivered to prison authorities on the day the prisoner signed it. Washington, 243 F.3d at 1301.

AO 72A
(Rev.8/82)

## II.  DISCUSSION

A § 2255 motion is subject to a statutory one-year limitation period, which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  In this case, there is no claim that the circumstances set forth in subparagraphs (2) through (4) of § 2255(f) apply.

Perez's conviction became final, for purposes of § 2255(f)(1), on February 27, 2015, when the time for filing a direct appeal expired.  See Fed. R. App. P. 4(b)(1)(A)(i), (6) (providing that a defendant's notice of appeal must be filed within fourteen days after the written judgment of conviction is entered on the criminal docket); see also Ramirez v. United States, 146 F. App'x 325, 326 (11th Cir. 2005) (per curiam) (For § 2255 statute of limitations purposes, "a judgment of conviction

3

becomes final when the time for filing a direct appeal expires.") (citation omitted). Because Perez did not file his § 2255 motion until May 11, 2016, approximately one year and two and a half months after his conviction became final, it was not timely under § 2255(f)(1).

Perez does not contend that he is actually innocent and has not alleged extraordinary circumstances that might excuse the late filing of his § 2255 motion. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928, 1936 (2013) (A plea of actual innocence can overcome the one-year limitations period for filing a federal habeas corpus action if the movant "presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (citing Schlup v. Delo, 513 U.S. 298, 316 (1995)); Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007) (per curiam) ("The statute of limitations can be equitably tolled where a petitioner 'untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'") (citation omitted). Accordingly, this § 2255 motion is due to be dismissed as untimely.

## III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of Perez's § 2255 motion as time barred is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

AO 72A
(Rev.8/82)

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 82], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 2ND day of JUNE, 2016.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)